A CERTIFIED TRUE COPY
ATTEST

By April Layne on Oct 06, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

9-N-BQ   Document 1   Filed 10/06/09   Page 1 of 4   PageID 1

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Oct 06, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: STANFORD ENTITIES
SECURITIES LITIGATION            MDL No. 2099

## TRANSFER ORDER

**Before the entire Panel**[*]: Lead plaintiff movants[1] in two of the three Northern District of Texas actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of Texas. This litigation presently consists of seven actions listed on Schedule A and pending in four districts as follows: three actions in the Northern District of Texas, two actions in the Southern District of Texas and one action each in the Southern District of Florida and Middle District of Louisiana.[2]

The following responding parties support or do not oppose the motion: plaintiffs in two of the three Northern District of Texas actions; Receiver (Ralph S. Janvey) in the Securities & Exchange Commission (SEC) action;[3] and Willis of Colorado, Inc., an insurer defendant in two actions. The following responding parties oppose the motion: the Southern District of Florida plaintiff (a "Willis" insurance letter case); plaintiffs in one Southern District of Texas action (the "Antigua" case); and insurer defendant Bowen, Miclette & Britt, Inc., and one affiliated individual. If the Panel deems centralization appropriate, the opposing Southern District of Florida plaintiff suggests centralization of the Willis insurance letter cases in the Southern District of Florida.

---

[*] Judge Furgeson took no part in the disposition of this matter.

[1] Ute Amann; Fawzi Ale Dargham; Michael Edgecomb; Italo Belon Neto; and Christain Palacios.

[2] Two additional actions included in the Section 1407 motion were dismissed and are no longer before the Panel: *John Cohron v. Stanford International Bank, Ltd., et al.*, S.D. Texas, C.A. No. 4:09-511, and *Jerry Adams, et al. v. Stanford Group Co., et al.*, S.D. Texas, C.A. No. 4:09-474.

The Panel has been notified that ten related actions have recently been filed. These actions will be treated as a potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[3] *Securities & Exchange Commission v. Stanford International Bank, Ltd., et al.*, N.D. Texas, C.A. No. 3:09-0298.

- 2 -

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact. Centralization under Section 1407 in the Northern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions arise out of the alleged $8 billion fraud orchestrated by R. Allen Stanford through companies that he controlled, including Stanford International Bank, Ltd., Stanford Group Co. and Stanford Capital Management (collectively Stanford). Common factual questions involve alleged misrepresentations or omissions relating to the safety of Stanford investments.

Whether claims focus on (1) alleged misrepresentations or omissions by Stanford, (2) insurance coverage letters used by Stanford to promote its investments or (3) the alleged role of The Commonwealth of Antigua and Barbuda in the alleged Stanford fraud, all actions will likely focus on a significant number of common events, defendants, and/or witnesses. *See In re Lehman Brothers Holdings, Inc., Securities & Employee Retirement Income Security Act (ERISA) Litigation*, 598 F.Supp.2d 1362 (J.P.M.L. 2009). Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary. While some unique questions of fact distinguish the Willis insurance letter cases and the Antigua case, transfer to a single district under Section 1407 will permit one court to formulate a pretrial program that allows any non-common issues to proceed concurrently with common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); thus ensuring streamlined, just and expeditious resolution of all actions.

The MDL No. 2099 transferee court can employ pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. The parties can present any concerns regarding the manner and extent of coordination or consolidation of the pretrial proceedings to the transferee judge. The governing statute contemplates transfer for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Accordingly, we leave the extent of coordination or consolidation of these actions to the discretion of the transferee judge. *See In re The Bear Stearns Companies Inc. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation,* 572 F.Supp.2d 1377 (J.P.M.L. 2008); *In re Mutual Funds Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004); *In re Equity Funding Corp. of America Securities Litigation*, 375 F.Supp. 1378 (J.P.M.L. 1974).

We are persuaded that the Northern District of Texas is an appropriate transferee district for this litigation, because (1) three of the eight actions are already pending there before Judge David C. Godbey, who is also presiding over the SEC action, and (2) Stanford is headquartered in nearby Houston, Texas, and parties, witnesses and documents are likely there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Texas are transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable David C. Godbey for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr.* | Frank C. Damrell, Jr. |

**IN RE: STANFORD ENTITIES**
**SECURITIES LITIGATION**                                         MDL No. 2099

## SCHEDULE A

<u>Southern District of Florida</u>

Reinaldo Ranni v. Willis of Colorado, Inc., et al., C.A. No. 1:09-22085

<u>Middle District of Louisiana</u>

Sandra C. Allen v. Stanford Group Co., et al., C.A. No. 3:09-108

<u>Northern District of Texas</u>

Jerry Adams, et al. v. Stanford Group Co., et al., C.A. No. 3:09-334
Larry Hernandez v. Stanford Financial Group Co., et al., C.A. No. 3:09-487
Samuel Troice, et al. v. Willis of Colorado, Inc., et al., C.A. No. 3:09-1274

<u>Southern District of Texas</u>

James O. Kyle v. Stanford International Bank, Ltd., et al., C.A. No. 4:09-525
Joan Gale Frank, et al. v. The Commonwealth of Antiqua & Barbuda, C.A. No. 4:09-2217