IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE STANFORD ENTITIES SECURITIES LITIGATION | § § | CIVIL ACTION NO. 3-09-MD-2099-N |

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3-09-CV 0298-N |
| STANFORD INTERNATIONAL BANK, LTD., *et al.,* | § § § | |
| Defendants. | § § | |

REPORT OF THE EXAMINER AND RECEIVER
ADDRESSING MATTERS ASSIGNED TO MAGISTRATE JUDGE FROST

# TABLE OF CONTENTS

Page

A.   Summary                                                                      1

B.   Motions to Dismiss Referred to the Magistrate Judge                          2

  1.   Judge Godbey's Prior Orders                                                2

  2.   Prior Orders Applied to Pending Motions to Dismiss                         6

      a.   *Janvey and Official Stanford Investors Committee v. Interim
           Executive Management, Inc.*, Civil Action No. 10-829                   6

      b.   *Janvey v. Wieselberg, et al.*, Civil Action No. 10-1394              6

      c.   *Janvey v. Merge Healthcare, Inc. et al.*, Civil Action No. 10-1465   7

      d.   *Janvey and Official Stanford Investors Committee v. Tonarelli*,
           Civil Action No. 10-1955                                              8

      e.   *Janvey and Official Stanford Investors Committee v. Suarez*
           Civil Action No. 10-2581                                              8

      f.   *Janvey and Official Stanford Investors Committee v. Bogar, et al.*,
           Civil Action No. 10-2581                                              9

      g.   *Janvey and Official Stanford Investors Committee v. Stinson*
           Civil Action No. 10-2581                                              9

      h.   *Janvey and Official Stanford Investors Committee v. David Wayne
           Toms and David Toms Golf, LLC*, Civil Action No. 11-018               9

      i.   *Janvey and Official Stanford Investors Committee v. Miami
           Heat Limited Partnership and Basketball Partners, Ltd.*
           Civil Action No. 11-158                                               10

      j.   *Janvey and Official Stanford Investors Committee v. PGA Tour, Inc.
           LC*, Civil Action No. 11-226                                          10

      k.   *Janvey and Official Stanford Investors Committee v. ATP Tour, Inc.*,
           Civil Action No. 11-295                                               11

Page

    l.    *Janvey and Official Stanford Investors Committee v. Romero*
Civil Action No. 11-297    11

    m.    *Official Stanford Investors Committee v. American Lebanese
Syrian Associated Charities, Inc., St. Jude Children's Research
Hospital/ALSAC; St. Jude's Children's Research Hospital; and
Le Bonheur Children's Medical Center Foundation,*
Civil Action No. 11-303    12

    n.    *Janvey and Official Stanford Investors Committee v.
Rocketball, Ltd. and Hoops, L.P.,* Civil Action No. 11-297    13

    o.    *Janvey v. Rincon,* Civil Action No. 11-1659    13

    p.    *Janvey v. Conzelman and Johnson,* Civil Action No. 11-2788    14

  3.    No Remaining Issues    14

C.    Cases in which Entry of a Scheduling Order is Appropriate    14

  1.    *Janvey v. Wealth Management Services, Ltd.,* Civil Action No. 10-477    15

  2.    *Janvey and Official Stanford Investors Committee v. Ben Barnes and
Ben Barnes Group, L.P.,* Civil Action No. 10-527    15

  3.    *Janvey and Official Stanford Investors Committee v. Harry Earl Failing
and Harry Earl Failing, P.C.,* Civil Action No. 10-2564    15

  4.    *Official Stanford Investors Committee v. Chamberlain, Hrdlicka, White,
Williams and Martin, L L.P.,* Civil Action No. 11-1025    16

  5.    All Cases Addressed in Section B.2 of this Report    16

D.    Cases in which a Scheduling Order Has Already Been Entered    17

E.    Conclusion    17

Exhibit A:    Chart of Pertinent Orders Entered by Judge Godbey

Exhibit B:    Chart of Defenses Raised in Referred Motions to Dismiss

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE STANFORD ENTITIES SECURITIES LITIGATION | § § | CIVIL ACTION NO. 3-09-MD-2099-N |

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3-09-CV 0298-N |
| STANFORD INTERNATIONAL BANK, LTD., *et al.*, | § § § | |
| Defendants. | § § | |

REPORT OF THE EXAMINER AND RECEIVER
ADDRESSING MATTERS ASSIGNED TO MAGISTRATE JUDGE FROST

As contemplated by the Court's Order appointing the Examiner (Doc. No. 322), John J. Little, Examiner, submits this Report addressing certain matters assigned to Magistrate Judge Frost. *See* Civil Action No. 09-MD-2099, Doc. No. 30. The Receiver, Ralph S. Janvey, joins in this Report.

## A.     Summary

On October 16, 2012, the Receiver, the Examiner and the Official Stanford Investors Committee ("OSIC") filed their Third Joint Report addressing the status of pending litigation as of September 30, 2012. Civil Action No. 09-MD-2099, Doc. No. 31, 09-CV-0298, Doc. No. 1716. In this Report, the Examiner and the Receiver focus first upon the seventeen (17) individual lawsuits in which pending motions to dismiss have been referred to Magistrate Judge E. Scott Frost for findings, conclusions and

recommendations.  The Report then focuses upon the four (4) individual actions where it is now appropriate for the Magistrate Judge to enter a scheduling order.

### B.   Motions to Dismiss Referred to the Magistrate Judge

Through his Order dated September 24, 2012, Judge Godbey referred to Magistrate Judge Frost motions to dismiss in seventeen (17) fraudulent transfer/unjust enrichment cases brought by the Receiver and/or the OSIC.  Civil Action No. 09-MD-2099, Doc. No. 30.  The motion to dismiss in one of these cases has already been denied by Judge Godbey,[1] and of the remaining motions referred to Magistrate Judge Frost, all but one are fully briefed and ready for decision.[2]

The motions to dismiss pending in the cases referred to the Magistrate Judge largely raise common issues including:

(a)    the Receiver's and/or OSIC's standing to bring fraudulent transfer claims;

(b)    whether the complaint complies with Rules 8 and 9 of the Federal Rules;

(c)    whether the complaint states a claim under Rule 12(b)(6);

(d)    whether the claims are barred by limitations; and/or

(e)    whether the claims must be arbitrated.

### 1.   Judge Godbey's Prior Orders

As set forth below, Judge Godbey has already considered and rejected each of these purported grounds of dismissal.  To assist the Magistrate Judge in addressing the

---

[1]  *See infra* discussion of *Official Stanford Investors Committee v. Chamberlain Hrdlicka White, Williams and Martin, L.P.,* No. 11-1025.

[2]  The exception is *Janvey v. Tonarelli,* No. 10-1955.  In that case, the OSIC recently was given leave to intervene and file an amended complaint.  Mr. Tonarelli has moved to dismiss that amended complaint, Civil Action No. 10-1955, Doc. No. 17.

motions to dismiss referred to him, this Report reviews Judge Godbey's prior orders and how those orders apply to the pending motions to dismiss. Five of Judge Godbey's prior Orders control the disposition of all the motions to dismiss referred to the Magistrate Judge.

1.      The first is Judge Godbey's June 22, 2011 Order in *Janvey v. Democratic Senatorial Campaign Committee, Inc., et al.*, Civil Action No. 10-346, Doc. No. 109 (the "Political Committees Order").[3]   In the Political Committees Order, Judge Godbey rejected motions to dismiss filed by the various defendants asserting that the Receiver's fraudulent transfer claims were barred by limitations. Political Committees Order at 5-19.

2.      The second is Judge Godbey's August 26, 2011 Order in *Janvey v. Alguire*, Civil Action No. 09-724, Doc. No. 688 (the "Arbitration Order"). In the Arbitration Order, Judge Godbey rejected the argument made by certain former Stanford employees who insisted that the Receiver's claims against them were governed by arbitration agreements they executed with one or more Stanford entities. Because Judge Godbey found the Receiver was bringing his claims for fraudulent transfer and unjust enrichment on behalf of Stanford's creditors, he ruled the Receiver was not bound by arbitration agreements entered with one or more Stanford entities. Arbitration Order, 3-8.[4]

3.      The third is Judge Godbey's September 6, 2011 Order, also in *Janvey v.*

---

[3]      Judge Godbey's decision is reported at 793 F.Supp.2d 825 (N.D. Tex. 2011). The Political Committees Order is pending on appeal in the Fifth Circuit Court of Appeals as Case No. 11-10704. The appeal has been fully briefed and was argued on May 1, 2012.

[4]      The Arbitration Order is pending on appeal in the Fifth Circuit as Case No. 11-10838. The appeal has been fully briefed and was argued on September 4, 2012.

*Alguire*, Civil Action No. 09-724, Doc. No. 696 (the "MTD Order"). In the MTD Order, Judge Godbey addressed and denied twelve different motions to dismiss filed by former Stanford employees. MTD Order at 1. In doing so, Judge Godbey rejected challenges to the Court's subject matter jurisdiction, MTD Order at 3-5, and its personal jurisdiction over one of the moving defendants (Crimmins), MTD Order at 5-8. Judge Godbey also rejected the moving defendants' Rule 12(b)(6) argument that the Receiver's pleadings failed to state a claim, MTD Order at 8-18,[5] and the moving defendants' challenges under Rules 8 and 9(b), MTD Order at 18-22.

4.     The fourth Order is Judge Godbey's September 26, 2011 Order, also entered in *Janvey v. Alguire*, denying motions to dismiss filed by Gary Magness and entities affiliated with him. Civil Action No. 09-724, Doc. No. 765 (the "Magness Order"). In the Magness Order, Judge Godbey specifically found he had subject matter jurisdiction over the Receiver's claims and that the Receiver had standing to sue because he was bringing those claims as a representative of creditors of the Stanford entities. Magness Order at 3-5. Judge Godbey also rejected a Rule 12(b)(6) challenge, ruling as he had in the MTD Order that the Receiver's pleading sufficiently stated claims for both fraudulent transfer and unjust enrichment. Magness Order at 5-16. Finally, Judge Godbey rejected challenges to the Receiver's pleading pursuant to Rules 8, 9(b), 10 and 15. Magness Order at 16-22.[6]

---

[5] Judge Godbey specifically rejected Rule 12(b)(6) challenges to both the Receiver's fraudulent transfer and unjust enrichment claims.

[6] Judge Godbey also dispensed with the moving defendants challenges to the Receiver's "relief defendant" claims, finding that those claims were not longer being asserted. Magness Order at 7-8.

5.     The fifth Order is Judge Godbey's September 24, 2012 Order denying a motion to dismiss in *Janvey v. IMG Worldwide, Inc.*, Civil Action No. 11-117, Doc. No. 33 (the "IMG Order").[7] In the IMG Order, Judge Godbey ruled that both the Receiver (as a representative of creditors of the Stanford Defendants) and the OSIC (as a representative of Stanford investor/creditors) independently had standing to file and prosecute fraudulent transfer and unjust enrichment claims. IMG Order at 3-6.[8] Judge Godbey also rejected the moving defendants' limitations argument; in doing so, he relied upon his prior ruling in the Political Committees Order. IMG Order at 7-8.

6.     The Political Committees Order, the Arbitration Order, the MTD Order, the Magness Order, and the IMG Order together mandate the denial of all motions to dismiss referred to Magistrate Judge Frost. These five orders, however, do not comprise the full list of all orders Judge Godbey has entered denying motions to dismiss that are substantively similar to the motions to dismiss recently referred to Magistrate Judge Frost. *See also* Civil Action No. 09-724, Doc. Nos. 469, 629, 806, 819; Civil Action No. 10-366, Doc. Nos. 172, 271, 278, 280; Civil Action No. 10-415, Doc. Nos. 78, 83; Civil Action No. 10-478, Doc. No. 83; Civil Action No. 10-527, Doc. No. 26; Civil Action No. 10-528, Doc. No. 64; Civil Action No. 10-617, Doc. No. 60; Civil Action No. 10-725, Doc. Nos. 53, 55; Civil Action No. 10-931, Doc. No. 94; Civil Action No. 10-1002, Doc. No. 155.

---

[7] *Janvey v. IMG Worldwide, Inc.*, Civil Action No. 11-117, and *Janvey v. International Players Championship, Inc.*, Civil Action No. 11-293, were consolidated pursuant to an Agreed Order entered May 10, 2011. Civil Action No. 11-117, Doc. No. 19.

[8] Judge Godbey also rejected challenges to the pleading filed by the Receiver and OSIC under Rules 9(b) and 12(b)(6). IMG Order at 6-7.

Attached to this Report as Exhibit "A" is a chart that identifies the five orders discussed above and the dismissal grounds discussed and rejected in each order.

### 2.   Prior Orders Applied to Pending Motions to Dismiss

The various motions to dismiss that have been referred to the Magistrate Judge solely raise issues that have already been decided by Judge Godbey's prior orders.   To assist the Magistrate Judge in addressing those motions to dismiss, the Examiner and the Receiver review the referred motions below.

   a.   *Janvey and Official Stanford Investors Committee v. Interim Executive Management, Inc.,* **Civil Action No. 10-829.**

The motion to dismiss in this action is fully briefed and challenges the Receiver's and OSIC's pleadings under Rule 8(a), Rule 9(b) and Rule 12(b)(6).   *See* Civil Action No. 10-829, Doc. No. 9.   Substantially similar   challenges   were   rejected   by   Judge Godbey in the MTD Order, the Magness Order and the IMG Order.   Those orders mandate denial of the pending motion to dismiss.

   b.   *Janvey v. Wieselberg, et al.,* **Civil Action No. 10-1394**.

There are three separate motions to dismiss that are fully briefed in *Janvey v. Wieselberg.*

The motion filed by Defendant Pedro Rodriguez, Civil Action No. 10-1394, Doc. No. 14, challenges the Receiver's pleading under Rules 8(a), 9(b) and 12(b)(6).   The motion filed by Defendant Gene Ramirez, Civil Action No. 10-1394, Doc. 15, raises the same challenges and also challenges the Receiver's standing to bring fraudulent transfer and unjust enrichment claims.   Judge Godbey rejected similar Rule 8, 9(b) and 12(b)(6) challenges in the MTD Order, the Magness Order and the IMG Order; those decisions

mandate that these challenges be rejected as well. Similarly, Judge Godbey has ruled in the Magness Order and the IMG Order that the Receiver has standing to bring fraudulent transfer and unjust enrichment claims. That ruling applies with equal force to the argument made by Defendant Ramirez.

Four different defendants also filed a motion to dismiss in *Wieselberg* that urges Rule 9(b) and 12(b)(6) challenges, challenges the Court's personal jurisdiction over defendants who are Florida residents, and argues that relief-defendant precedent provides a basis for dismissal. Civil Action No. 10-1394, Doc. No. 23. Judge Godbey's rulings in the MTD Order, the Magness Order and the IMG Order apply to the Rule 9(b) and 12(b)(6) challenges; they must be rejected. Further, Judge Godbey's ruling in the MTD Order, rejecting a personal jurisdiction challenge, applies with equal force to the jurisdictional argument made by the Florida resident defendants in *Wieselberg*. Finally, although these defendants devote substantial briefing in regard to relief defendant claims, the Receiver has not asserted those claims here. As a result, the discussion of that area of the law is wholly irrelevant. *See* Magness Order at 7-8.

c.    *Janvey v. Merge Healthcare, Inc., et al.,* **Civil Action No. 10-1465.**

The motion to dismiss in this action is fully briefed and challenges the Receiver's pleadings under Rule 8(a), Rule 9(b) and Rule 12(b)(6). *See* Civil Action No. 10-1465, Doc. No. 8. Substantially similar challenges were rejected by Judge Godbey in the MTD Order, the Magness Order and the IMG Order. Those orders mandate denial of the pending motion to dismiss.

**d.** *Janvey and Official Stanford Investors Committee v. Tonarelli*, **Civil Action No. 10-1955**.

An amended complaint was filed in this action as of August 16, 2012. *See* Civil Action No. 10-1955, Doc. Nos. 13 (motion for leave to intervene and amend) 16 (order granting leave). Defendant Tonarelli filed a motion to dismiss the amended complaint on September 17, 2012, to which the Receiver and OSIC responded on October 8, 2012. Civil Action No. 10-1955, Doc. Nos. 17, 20. The motion to dismiss will soon be fully briefed.

Tonarelli's motion to dismiss raises only two issues, both of which have already been decided by Judge Godbey. Tonarelli first challenges the standing of the Receiver and the OSIC to bring the claims asserted. Civil Action No. 10-1955, Doc. No. 17 at 1-5. That standing argument was rejected by Judge Godbey in the Magness Order and in the IMG Order. Tonarelli also argues that the claims of the Receiver and the OSIC must be arbitrated. Civil Action No. 10-1955, Doc. No. 17 at 5-8. That argument was rejected by Judge Godbey in the Arbitration Order.

**e.** *Janvey and Official Stanford Investors Committee v. Suarez*, **Civil Action No. 10-2581**.

The motion to dismiss in this action is fully briefed and challenges the Receiver's and OSIC's pleadings under Rule 8(a), Rule 9(b) and Rule 12(b)(6). *See* Civil Action No. 10-2581, Doc. No. 13. Substantially similar challenges were rejected by Judge Godbey in the MTD Order, the Magness Order and the IMG Order. The motion to dismiss also asserts a Florida limitations argument; the Political Committees Order and the IMG Order mandate denial of the motion as to the limitations argument, and as Judge

Godbey previously ruled in the Magness Order, Texas law applies (as opposed to Florida law).

    **f.**    ***Janvey and Official Stanford Investors Committee v. Bogar, et al.*, Civil Action No. 10-2583.**

The motion to dismiss in this action is fully briefed and challenges the Receiver's and OSIC's pleadings under Rule 8(a), Rule 9(b) and Rule 12(b)(6). *See* Civil Action No. 10-2583, Doc. No. 13. Substantially similar challenges were rejected by Judge Godbey in the MTD Order, the Magness Order and the IMG Order. The motion to dismiss also asserts a Texas limitations argument; the Political Committees Order and the IMG Order mandate denial of the motion as to the limitations argument.

    **g.**    ***Janvey and Official Stanford Investors Committee v. Stinson*, Civil Action No. 10-2586.**

The motion to dismiss in this action is fully briefed and challenges the Receiver's and OSIC's pleadings under Rule 8(a), Rule 9(b) and Rule 12(b)(6). *See* Civil Action No. 10-2586, Doc. No. 23. Substantially similar challenges were rejected by Judge Godbey in the MTD Order, the Magness Order and the IMG Order.

    **h.**    ***Janvey and Official Stanford Investors Committee v. David Wayne Toms and David Toms Golf, LLC*, Civil Action No. 11-018.**

The motion to dismiss in this action is fully briefed. It challenges the standing of the Receiver and the Committee to assert fraudulent transfer and unjust enrichment claims. It also challenges the pleadings under Rule 8(a) and Rule 12(b)(6). *See* Civil Action No. 11-018, Doc. No. 9. Judge Godbey's decisions in the Magness Order and the IMG Order have resolved the standing challenges. His decisions in the MTD Order, the Magness Order and the IMG Order mandate denial of the challenges under Rules 8(a)

and 12(b)(6).

i.   *Janvey and Official Stanford Investors Committee v. Miami Heat Limited Partnership and Basketball Partners, Ltd.*, **Civil Action No. 11-158.**

The motion to dismiss in this action is fully briefed. It challenges the standing of the Receiver and the Committee to assert fraudulent transfer and unjust enrichment claims. It also challenges the pleadings under Rule 8(a) and Rule 12(b)(6), asserts a limitations defense under Florida law, and alleges that Florida law mandates dismissal of the claim for attorneys' fees. *See* Civil Action No. 11-158, Doc. No. 18. Judge Godbey's decisions in the Magness Order and the IMG Order have resolved the standing challenges. His decisions in the MTD Order, the Magness Order and the IMG Order mandate denial of the challenges under Rules 8(a) and 12(b)(6). His decisions in the Political Committees Order and the IMG Order mandate denial of the limitations challenge. Finally, his decision in the Magness Order – that Texas law governs fraudulent transfer claims – mandates denial of the challenge to the Receiver's claim for attorneys' fees. *See* Magness Order at 8-9.

j.   *Janvey and Official Stanford Investors Committee v. PGA Tour, Inc.*, **Civil Action No. 11-226.**

The motion to dismiss in this action is fully briefed. It challenges the standing of the Receiver and the Committee to assert fraudulent transfer and unjust enrichment claims. It also challenges the pleadings under Rule 8(a) and Rule 12(b)(6), asserts a limitations defense under Florida law, and alleges that Florida law mandates dismissal of the claim for attorneys' fees. *See* Civil Action No. 11-226, Doc. No. 13. Judge Godbey's decisions in the Magness Order and the IMG Order have resolved the standing

challenges. His decisions in the MTD Order, the Magness Order and the IMG Order mandate denial of the challenges under Rules 8(a) and 12(b)(6). His decisions in the Political Committees Order and the IMG Order mandate denial of the limitations challenge. Finally, his decision in the Magness Order – that Texas law governs fraudulent transfer claims – mandates denial of the challenge to the Receiver's claim for attorneys' fees. *See* Magness Order at 8-9.

### k.   *Janvey and Official Stanford Investors Committee v. ATP Tour, Inc.,* Civil Action No. 11-295.

The motion to dismiss in this action is fully briefed. It challenges the standing of the Receiver and the Committee to assert fraudulent transfer and unjust enrichment claims. It also challenges the pleadings under Rule 12(b)(6), asserts a limitations defense under Florida law, and alleges that Florida law mandates dismissal of the claim for attorneys' fees. *See* Civil Action No. 11-295, Doc. No. 16. Judge Godbey's decisions in the Magness Order and the IMG Order have resolved the standing challenges. His decisions in the MTD Order, the Magness Order and the IMG Order mandate denial of the challenge under Rule 12(b)(6). His decisions in the Political Committees Order and the IMG Order mandate denial of the limitations challenge. Finally, his decision in the Magness Order mandates denial of the challenge to the Receiver's claim for attorneys' fees. *See* Magness Order at 8-9.

### l.   *Janvey and Official Stanford Investors Committee v. Romero,* Civil Action No. 11-297.

The motion to dismiss in this action is fully briefed and challenges the Receiver's pleadings under Rule 8(a), Rule 9(b) and Rule 12(b)(6). *See* Civil Action No. 11-297,

Doc. No. 14.  Substantially similar challenges were rejected by Judge Godbey in the MTD Order, the Magness Order and the IMG Order.  The motion to dismiss also asserts a Texas limitations argument; the Political Committees Order and the IMG Order mandate denial of the motion as to the limitations argument.

     **m.**    ***Official Stanford Investors Committee v. American Lebanese Syrian Associated Charities, Inc., St. Jude Children's Research Hospital/ALSAC; St. Jude Children's Research Hospital; and Le Bonheur Children's Medical Center Foundation,*** <u>**Civil Action No. 11-303.**</u>

There are two motions to dismiss in this action; both are fully briefed.  *See* Civil Action No. 11-303, Doc. No. 12 (Motion to Dismiss of St. Jude's and American Lebanese Syrian Associated Charities), Doc. No. 22 (Motion to Dismiss of Le Bonheur).  The motions challenge the standing of the Committee to assert fraudulent transfer and unjust enrichment claims.  They also challenge the pleadings under Rule 9(b) and Rule 12(b)(6), assert a limitations defense under Tennessee law, and allege that Tennessee law mandates dismissal of the claim for attorneys' fees.  *See* Civil Action No. 11-303, Doc. Nos. 12, 22.  Judge Godbey's decision in  the IMG Order has resolved the standing challenges.  His decisions in the MTD Order, the Magness Order and the IMG Order mandate denial of the challenges under Rules 9(b) and 12(b)(6).  His decisions in the Political Committees Order and the IMG Order mandate denial of the limitations challenge.  Finally, his decision in the Magness Order mandates denial of the challenge to the claim for attorneys' fees.  *See* Magness Order at 8-9.  Le Bonheur's motion also raises a challenge to personal jurisdiction, which should be denied for the same reasons as those explained in the MTD Order.

n. *Janvey and Official Stanford Investors Committee v. Rocketball, Ltd. and Hoops, L.P.*, Civil Action No. 11-770.

There are two motions to dismiss in this action; both are fully briefed. *See* Civil Action No. 11-770, Doc. No. 11 (Motion to Dismiss of Rocketball, Ltd.), Doc. No. 13 (Motion to Dismiss of Hoops, L.P.). The motion filed by Rocketball, Ltd. challenges the pleading under Rules 8(a), 9(b), and 12(b)(6). It also asserts a limitations defense under Texas law. *See* Civil Action No. 11-770, Doc. No. 11. The motion filed by Hoops, L.P. challenges the standing of the Receiver and the Committee to assert fraudulent transfer and unjust enrichment claims. It also challenges the pleadings under Rule 8(a), Rule 9(b) and Rule 12(b)(6), and assert a limitations defense under both Texas and Tennessee law. Finally, the Hoops, L.P., motion contends that the claims against it must be arbitrated. *See* Civil Action No. 11-770, Doc. No. 13.

Judge Godbey's decisions in the Magness Order and the IMG Order have resolved the standing challenges raised by Hoops, L.P. His decisions in the MTD Order, the Magness Order and the IMG Order mandate denial of the challenges under Rules 8(a), Rules 9(b) and 12(b)(6) raised in both motions. His decisions in the Political Committees Order and the IMG Order mandate denial of the limitations challenges. Finally, his decision in the Arbitration Order mandates denial of the Hoops, L.P. arbitration argument.

o. *Janvey v. Rincon*, Civil Action No. 11-1659.

The motion to dismiss in this action is fully briefed and challenges the Receiver's pleadings under Rule 8(a), Rule 9(b) and Rule 12(b)(6). *See* Civil Action No. 11-1659, Doc. No. 6. Substantially similar challenges were rejected by Judge Godbey in the MTD

Order, the Magness Order and the IMG Order. The motion to dismiss also asserts a Texas limitations argument; the Political Committees Order and the IMG Order mandate denial of the motion as to the limitations argument.

**p.** ***Janvey v. Conzelman and Johnson*, Civil Action No. 11-2788.**

The motion to dismiss filed by Defendant Johnson[9] is fully briefed; it raises Rule 12(b)(6) challenges and urges that the Court lacks personal jurisdiction over Johnson because he resides in the District of Columbia. *See* Civil Action No. 11-2788, Doc. No. 10. Substantially similar Rule 12(b)(6) challenges were rejected by Judge Godbey in the MTD Order, the Magness Order and the IMG Order. Judge Godbey's personal jurisdiction ruling in the MTD Order mandates denial of the jurisdictional argument made in this case.

### 3. No Remaining Issues

Attached to this Report as Exhibit "B" is a chart that identifies the grounds of dismissal raised in each of the cases discussed above. The motions to dismiss that are on file in these sixteen (16) cases raise no new issues. Accordingly, Judge Godbey's existing Orders mandate denial of all those pending motions to dismiss.

### C.    Cases in which Entry of a Scheduling Order is Appropriate

Judge Godbey's Order of September 24, 2012 also referred all the pending Stanford-related cases (other than Civil Action No. 09-298) to the Magistrate Judge for, among other things, a determination of whether a scheduling order should be entered and,

---

[9]    Defendant Conzelman filed an answer before filing a motion to dismiss. Civil Action No. 11-2788, Doc. No. 7.

if so, the contents of such an order. This section of the Report identifies certain cases where a scheduling order is now appropriate.

    1.    *Janvey v. Wealth Management Services, Ltd.*, Civil Action No. 10-477.

On August 30, 2012, Judge Godbey entered an order denying the defendants' motion to stay this action. Civil Action No. 10-477, Doc. No. 22. On September 10, 2012, he directed the parties to file a Joint Status Report; the Report was filed on October 8, 2012. Civil Action No. 10-477, Doc. Nos. 22, 25. This case is ripe for entry of a scheduling order.

    2.    *Janvey and Official Stanford Investors Committee v. Ben Barnes and Ben Barnes Group, L.P.*, Civil Action No. 10-527.

The Court recently denied Defendants' motion to dismiss, and Defendants filed answers. *See* Civil Action No. 10-527, Doc. Nos. 26 (Order denying motions to dismiss), 27 (answer) and 28 (answer). On September 18, 2012, Judge Godbey directed the parties to file a Joint Status Report; the Report was filed on October 5, 2012. Civil Action No. 10-527, Doc. Nos. 43, 46. This case is ripe for entry of a scheduling order.

    3.    *Janvey and Official Stanford Investors Committee v. Harry Earl Failing and Harry Earl Failing, P.C.*, Civil Action No. 10-2564.

Defendants appeared and answered. Civil Action No. 10-2564, Doc. No. 6. The OSIC is informed that the individual Defendant, Mr. Failing, has died, and so advised the Court on July 30, 2012. Civil Action No. 10-2564, Doc. No. 12. On July 16, 2012, the Court entered an Order directing the parties to file a Joint Status Report. Civil Action No. 10-2564, Doc. No. 10. Because of Mr. Failing's death, no Joint Status Report has been filed.

4.    *Official Stanford Investors Committee v. Chamberlain, Hrdlicka, White,
Williams and Martin, L.L.P.*, Civil Action No. 11-1025.

Judge Godbey's Order of September 24, 2012 also referred the motion to dismiss

in this action to the Magistrate.  That referral, however, was unnecessary, given that the

Court has already denied that motion to dismiss.

On June 27, 2011, Chamberlain Hrdlicka White and Martin, L.P. filed an answer

and included within its answer a two sentence challenge to the pleading as failing to state

a claim under Rule 12(b)(6).    Civil Action No. 11-1025, Doc. No. 6.    The OSIC

responded to those two sentences as if they were a motion to dismiss.  Civil Action No.

11-1025, Doc. No. 8.  On June 21, 2012, Judge Godbey entered an Order denying the

motion to dismiss.  Civil Action No. 11-1025, Doc. No. 10.

Following the entry of that Order, Judge Godbey issued an Order requiring the

parties to confer and to submit a Joint Status Report.  Civil Action No. 11-1025, Doc .

No. 11.  The parties filed their Joint Status Report on August 15, 2012.  Civil Action No.

11-1025, Doc. No. 13.  This case is now ripe for the entry of a scheduling order.

5.    All Cases Addressed in Section B.2 of this Report.

As detailed in this Section B.2 of this Report, the pending motions to dismiss that

have been referred to the Magistrate Judge raise only issues that have been considered

and rejected by Judge Godbey in multiple other cases.  For that reason, the Receiver and

the OSIC should not be precluded from pursuing necessary discovery on the merits while

these motions to dismiss are pending.  The Receiver and OSIC believes that the Court

should allow discovery to proceed immediately and enter a scheduling order in each of

the sixteen cases addressed in Section B.2 of this Report.

**D.      Cases in which a Scheduling Order Has Already Been Entered**

Judge Godbey has already entered pre-trial scheduling orders in two Stanford-related cases:

1.    *Janvey and Official Stanford Investors Committee v. Giusti, et al.*, Civil Action No. 11-292, Doc. No. 17.

2.    *Janvey and Official Stanford Investors Committee v. TGC, LLC d/b/a Golf Channel*, Civil Action No. 11-294, Doc. No. 23.

**E.      Conclusion**

As set forth in this Report, the Examiner and the Receiver believe that the pending motions to dismiss that have been referred to the Magistrate Judge are governed by Judge Godbey's prior orders, such that those motions can and should be promptly denied.  Once those motions to dismiss are determined, each of the sixteen cases in which there are now motions to dismiss pending will be ripe for the entry of a scheduling order.

October 17, 2012

Respectfully submitted,

_____/s/ John J. Little_____
John J. Little
Tex. Bar No. 12424230
LITTLE PEDERSEN FANKHAUSER, LLP
901 Main Street, Suite 4110
Dallas, Texas 75202
(214) 573-2300
(214) 573-2323 [FAX]
**COURT-APPOINTED EXAMINER**

BAKER BOTTS L.L.P.

By: /s/ Kevin M. Sadler
Kevin M. Sadler
Texas Bar No. 17512450
kevin.sadler@bakerbotts.com
Robert I. Howell
Texas Bar No. 10107300
robert.howell@bakerbotts.com
David T. Arlington
Texas Bar No. 00790238
david.arlington@bakerbotts.com
1500 San Jacinto Center
98 San Jacinto Blvd.
Austin, Texas 78701-4039
(512) 322-2500
(512) 322-2501 (Facsimile)

Timothy S. Durst
Texas Bar No. 00786924
tim.durst@bakerbotts.com
2001 Ross Avenue
Dallas, Texas 75201
(214) 953-6500
(214) 953-6503 (Facsimile)

**ATTORNEYS FOR RECEIVER**
**RALPH S. JANVEY**

**KRAGE & JANVEY, L.L.P.**

By: /s/ Ben L. Krage
Ben L. Krage
Texas Bar No. 11700000
bkrage@kjllp.com
2100 Ross Avenue, Suite 2600
Dallas, Texas 75201
(214) 969-7500
(214) 220-0230 (Facsimile)

**ATTORNEYS FOR RECEIVER**
**RALPH S. JANVEY**

## CERTIFICATE OF SERVICE

On October 17, 2012 I electronically submitted the foregoing document to the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ John J. Little

**REPORT OF THE EXAMINER AND RECEIVER**
**ADDRESSING MATTERS ASSIGNED TO MAGISTRATE JUDGE FROST**

# Exhibit A

Chart of Pertinent Orders Entered by Judge Godbey

**Orders Addressing Grounds Asserted in Motions to Dismiss**

| Case Name/Number Document Number | Receiver's Standing | OSIC's Standing | Personal Jurisdiction | Arbitration | Rule 8(a) | Rule 9(b) | Rule 12(b)(6) | Limitations | Appl. Law |
|---|---|---|---|---|---|---|---|---|---|
| *Janvey v. Dem. Sen. Comp.* No. 10-346, Doc. No. 109 (Political Committees Order) | | | | | | | | ✓ | |
| *Janvey v. Alguire* No. 09-724, Doc. No. 688 (Arbitration Order) | | | | ✓ | | | | | |
| *Janvey v. Alguire* No. 09-724, Doc. No. 696 (MTD Order) | ✓ | | ✓ | | | ✓ | ✓ | | |
| *Janvey v. Alguire* No. 09-724, Doc. No. 765 (Magness Order) | ✓ | | | | ✓ | ✓ | ✓ | | ✓ (Applied Texas Law) |
| *Janvey v. IMG Worldwide* No. 11-117, Doc. No. 33 (IMG Order) | ✓ | ✓ | | | | ✓ | ✓ | ✓ | |

**REPORT OF THE EXAMINER AND RECEIVER
ADDRESSING MATTERS ASSIGNED TO MAGISTRATE JUDGE FROST**

# Exhibit B

Chart of Defenses Raised in Referred Motions To Dismiss

## Grounds asserted in Motion to Dismiss

| Case Name/Number | Receiver's Standing | OSIC's Standing | Personal Jurisdiction | Arbitration | Rule 8(a) | Rule 9(b) | Rule 12(b)(6) | Limitations | Appl. Law |
|---|---|---|---|---|---|---|---|---|---|
| Janvey v. Interim Exec. Mgt. No. 10-829 | No | No | No | No | Yes | Yes | No | No | No |
| Janvey v. Weiselberg, et al. No. 10-1394 (three motions) | Yes | No | Yes (Florida) | No | Yes | Yes | Yes | No | No |
| Janvey v. Merge Healthcare No. 10-1465 | No | No | No | No | Yes | Yes | Yes | No | No |
| Janvey v. Tonarelli No. 10-1955 | Yes | Yes | No | Yes | No | No | No | No | No |
| Janvey v. Suarez No. 10-2581 | No | No | No | No | Yes | Yes | Yes | Yes (Florida) | No |
| Janvey v. Bogar No. 10-2583 | No | No | No | No | Yes | Yes | Yes | Yes (Texas) | No |
| Janvey v. Stinson No. 10-2586 | No | No | No | No | Yes | Yes | Yes | No | No |
| Janvey/OSIC v. Toms No. 11-018 | Yes | Yes | No | No | Yes | No | Yes | No | No |
| Janvey/OSIC v. Miami Heat No. 11-158 | Yes | Yes | No | No | Yes | No | Yes | Yes (Florida) | No |
| Janvey/OSIC v. PGA Tour No. 11-226 | Yes | Yes | No | No | No | No | Yes | Yes (Florida) | Yes (Florida) |
| Janvey/OSIC v. ATP Tour No. 11-295 | Yes | Yes | No | No | No | Yes | Yes | Yes (Florida) | Yes (Florida) |

| Case Name/Number | Receiver's Standing | OSIC's Standing | Personal Jurisdiction | Arbitration | Rule 8(a) | Rule 9(b) | Rule 12(b)(6) | Limitations | Appl. Law |
|---|---|---|---|---|---|---|---|---|---|
| *Janvey/OSIC v. Romero* No. 11-297 | No | No | No | No | Yes | Yes | Yes | No | No |
| *OSIC v. ALSAC/St. Judes* No. 11-303 (two motions) | Yes | Yes | No | No | No | Yes | Yes | Yes (Tenn.) | Yes (Tenn.) |
| *Janvey/OSIC v. Rocketball* No. 11-770 (two motions) | Yes | Yes | No | Yes | Yes | Yes | Yes | Yes (Texas) Yes (Tenn.) | No |
| *Janvey v. Rincon* No. 11-1659 | No | No | No | No | Yes | Yes | Yes | Yes (Texas) | No |
| *Janvey v. Conzelman/Johnson* No. 11-2788 | No | No | Yes | No | No | No | Yes | No | No |