**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:09-CV-00298-N |
| STANFORD INTERNATIONAL BANK, LTD., *et al.*, | § § § | |
| Defendants. | § § | |

**LONG FORM NOTICE OF PROPOSED SETTLEMENT,
BAR ORDER AND JUDGMENT, AND HEARING**

**To:** Those who ever held a certificate of deposit, CD, depository account, or investment with, or who are parties in any action concerning, or who are interested in, Robert Allen Stanford, or any entity of any type owned or controlled by Robert Allen Stanford, including, without limitation, Stanford International Bank, Ltd., Stanford Trust Company Ltd., and Stanford Development Company

**A settlement relating to Stanford may result in a payment to you and may affect your legal rights. A United States Federal District Court authorized this Notice. This is not a solicitation from a lawyer. Please read this Notice carefully and in its entirety.**

**BRIEF DESCRIPTION OF THE SETTLEMENT**

**The Settlement:** A global settlement agreement (the "Agreement") has been made and entered into as of December 15, 2015 between and among, on the one hand, (i) Ralph S. Janvey, solely in his capacity as the receiver (the "Receiver") for Robert Allen Stanford and other persons and entities pursuant to the orders of the United States District Court for the Northern District of Texas entered February 17, 2009, March 12, 2009, and July 19, 2010 in *Securities and Exchange Commission v. Stanford International Bank, Ltd. et al.*, No. 3:09-cv-00298-N (N.D. Tex.) (the "SEC Action"); (ii) the Official Stanford Investors Committee, as defined in the order of that Court entered August 10, 2010 in the SEC Action (the "Committee"); and (iii) Marcus A. Wide and Hugh Dickson, in their capacities as the joint liquidators of Stanford International Bank, Ltd. and Stanford Trust Company Ltd., and Marcus A. Wide and Hordley Forbes, in their capacities as the joint liquidators of Stanford Development Company, pursuant to the orders of the Eastern Caribbean Supreme Court in Antigua and Barbuda entered May 12, 2011, March 30, 2012, and October 15, 2013 (the "Antiguan Liquidators") (the Receiver, Committee, and Antiguan Liquidators are collectively referred to as "Plaintiffs"); and, on the other hand, (iv) Kroll, LLC (f/k/a Kroll Inc.) and Kroll Associates, Inc. (together, "Kroll") (Plaintiffs, on the one hand, and Kroll, on the other hand, are together referred to as the "Parties," and each of those two Parties is referred to as a "Party"), which defines a settlement (the "Settlement").

**Settlement Amount:**  Twenty-four million U.S. dollars (US$24,000,000.00) to be paid to the Receiver.

**Distribution:**  The Receiver plans to distribute the Settlement Amount, minus Court-approved attorneys fees, expenses, and costs, among those who held a certificate of deposit, CD, depository account, or investment with Stanford, <u>and</u> who have an allowed claim amount recognized by the Receiver, as set forth in more detail below.  Additional conditions will be contained in a Distribution Plan which the Receiver will submit for Court approval.

**Attorneys Fees and Expenses:**  Plaintiffs' counsel will apply to the Court for attorneys fees of no more than US$6 million and expenses of no more than US$25,000.

**Bar Order and Judgment:**  The Settlement is conditioned upon the Court's entry of a Bar Order and Judgment permanently enjoining all claims by Plaintiffs and all others against Kroll and the Kroll Released Parties concerning Stanford.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **OBJECT BY MAY 18, 2016** | You may object to Court approval of the Agreement, the Settlement, or the Bar Order and Judgment. |
| **GO TO THE HEARING ON JULY 8, 2016** | You may ask to speak or have your attorney speak in Court about the Agreement, the Settlement, or the Bar Order and Judgment. |
| **AWAIT THE RESULTS** | If the Court enters the Bar Order and Judgment, all claims against Kroll and the Kroll Released Parties concerning Stanford will be barred. |

- Your legal rights are affected whether you act or do not act.  **Read this Long Form Notice carefully.**

- The Court in charge of the SEC Action must decide whether to approve the Settlement.  Payments will be made if and only if the Court approves the Settlement, and other conditions, including the resolution of any appeals from such approval order, are satisfied.  Please be patient.

- To the extent not otherwise defined, all capitalized terms herein, including "Stanford" and "Kroll Released Parties," have the meanings provided in the Agreement (available at www.stanfordfinancialreceivership.com).  The definition of "Settled Claims" is reproduced at the end of this Long Form Notice.

- **Special notice to nominees:**  Any Person that held a certificate of deposit, CD, depository account, or investment with Stanford as nominee for a beneficial owner must, within seven (7) calendar days of learning of this Long Form Notice, the Publication Notice, or the Scheduling Order, either (i) send a copy of the Publication Notice by first class mail to all such beneficial owners, or (ii) provide a list of the names and addresses of such beneficial owners to:  Stanford Financial Claims, c/o Gilardi & Co. LLC, P.O. Box 990, Corte Madera, California 94976-0990, Telephone:  (866) 964-6301 or (317) 324-0757, E-mail:  info@stanfordfinancialclaims.com.

# WHAT THIS LONG FORM NOTICE CONTAINS

Page

**BRIEF DESCRIPTION OF THE SETTLEMENT** ....................................................................1
**BASIC INFORMATION**..........................................................................................................4
    1. Why Did I Receive This Notice? ...................................................................4
    2. What Is This Dispute About?..........................................................................4
    3. Why Is There A Settlement?...........................................................................5
**SETTLEMENT DETAILS** ........................................................................................................5
    4. What Does The Settlement Provide? ..............................................................5
    5. What Claims Will Be Barred? ........................................................................5
**DISTRIBUTION PLAN** ...........................................................................................................5
    6. What Will The Distribution Plan Provide?.....................................................5
    7. Is The Settlement Contingent On The Distribution Plan? ..........................................6
**HOW YOU GET A PAYMENT**...............................................................................................6
    8. What Do I Need To Do To Get A Payment? ..................................................6
    9. When Would I Receive My Payment?...........................................................6
    10. Will Payments Be In Full And Final Settlement Of Claims? ..................................6
**THE LAWYERS REPRESENTING THE PLAINTIFFS** ..........................................................6
    11. Do I Have A Lawyer In These Actions?.........................................................6
    12. How Will Plaintiffs' Counsel Be Paid? ..........................................................7
**OBJECTING** ............................................................................................................................7
    13. How Do I Tell the Court That I Do Not Like The Agreement, The
        Settlement, Or The Bar Order And Judgment?...............................................7
**THE HEARING** .......................................................................................................................7
    14. When And Where Will The Court Decide Whether To Approve The
        Settlement And Enter The Bar Order And Judgment? ...............................................7
    15. Do I Have To Come To The Hearing?............................................................8
    16. May I Speak At The Hearing? ........................................................................8
**IF YOU DO NOTHING** ..........................................................................................................8
    17. What Happens If I Do Nothing At All? ..........................................................8
**GETTING MORE INFORMATION**........................................................................................8
    18. How Can I Obtain More Details About The Settlement? ........................................8
**DEFINITION OF "SETTLED CLAIMS"** ................................................................................8

## BASIC INFORMATION

### 1. Why Did I Receive This Notice?

You received this notice (the "Long Form Notice") by order of the Court because you have a right to know about the proposed Settlement.

The Court in charge of this matter is the United States District Court for the Northern District of Texas, the Hon. David C. Godbey currently presiding (the "Court"). The Plaintiffs are the Receiver, the Committee, and the Antiguan Liquidators. They share common goals in pursuing claims for, and obtaining funds for, those affected by losses related to Stanford. The Plaintiffs have entered into the Agreement that defines the Settlement with Kroll, LLC (f/k/a Kroll Inc.) and Kroll Associates, Inc. (together, "Kroll"). The Court-appointed Examiner, who recommends that the Settlement be approved and implemented, is an independent advisor to the Court and is also the Chair of the Committee.

### 2. What Is This Dispute About?

Kroll Associates, Inc. is a professional services firm that provided outside consulting services to certain Stanford entities and persons. Kroll, LLC (f/k/a Kroll Inc.) is a holding company that does not provide any services. Neither Kroll Associates, Inc. nor Kroll, LLC (f/k/a Kroll Inc.) sold, marketed, or brokered the sale of certificates of deposit ("CDs") or other financial products for Stanford. On February 8, 2015, Kroll filed voluntary petitions for relief with the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under chapter 11 of the United States Bankruptcy Code, commencing chapter 11 cases, which are being administered under the case caption *In re Altegrity, Inc., et al.*, No. 15-10226 (Bankr. D. Del.) (Jointly Administered).

By virtue of their positions and investigations, the Receiver, Committee, and Antiguan Liquidators have acquired several terabytes of records concerning Stanford and have concluded that Stanford ran a fraudulent Ponzi scheme involving certificates of deposit sold by Stanford International Bank, Ltd. The Receiver, Committee, and Antiguan Liquidators have brought multiple lawsuits against third parties, including professionals such as law firms, accountants, insurance brokers, and banks that provided services to Stanford.

In 2011, the Receiver and Committee informed Kroll that they were investigating potential claims against Kroll, including aiding and abetting violations of the Texas Securities Act, aiding and abetting fraud, aiding and abetting breach of fiduciary duty, and disgorgement of fees.

Kroll denies all of Plaintiffs' claims or any wrongdoing whatsoever and would assert both legal and factual defenses in a vigorous defense to any such claims.

### 3. Why Is There A Settlement?

The Parties disagree as to the merits and value of the Plaintiffs' potential claims against Kroll and recognize the burden, expense, and risks of litigation. The Plaintiffs have not filed any complaint against Kroll. The Settlement avoids the uncertainty, costs, and risks associated with litigation – including the risk of no recovery by the Plaintiffs – and provides substantial benefits at this time. The Plaintiffs, in fulfilment of their duties, have concluded that the Settlement is in the best interests of those affected by wrongdoing or losses related to Stanford. The independent Examiner who was appointed by the Court in the SEC Action to assist the Court has reviewed the Settlement and recommends that it be approved and implemented.

The Settlement was reached following almost three years of investigation and negotiation and formal mediation before a retired judge who acted as an independent, neutral mediator.

## SETTLEMENT DETAILS

### 4. What Does The Settlement Provide?

Kroll has agreed to cause to be paid to the Receiver a Settlement Amount of twenty-four million U.S. dollars (US$24,000,000.00) in cash. The Bankruptcy Court has approved the Settlement to the extent consistent with Kroll's chapter 11 plan, which means that the Settlement Amount will be paid by one or more third parties and not by Kroll or the general unsecured claims pool established under Kroll's chapter 11 plan. The Settlement Amount, minus any Court-approved attorneys fees and expenses and a portion of the costs incurred in the preparation, printing, distribution, and dissemination of the Notice, (the "Net Settlement Amount") will be distributed pursuant to a proposed distribution plan (the "Distribution Plan"). The Court must approve the Distribution Plan before any distributions are made.

### 5. What Claims Will Be Barred?

The Settlement is conditioned upon the Court's entry of a Bar Order and Judgment permanently enjoining all claims by Plaintiffs and all others against Kroll and the Kroll Released Parties concerning Stanford. The proposed Bar Order and Judgment covers Plaintiffs and all other Persons worldwide. The proposed Bar Order and Judgment covers all Settled Claims (as defined at the end of this Long Form Notice) against Kroll and the Kroll Released Parties. The proposed Bar Order and Judgment can be found at www.stanfordfinancialreceivership.com. The Bar Order and Judgment is intended to supplement, and not replace or diminish, (i) a March 20, 2015 order of the Bankruptcy Court requiring persons and entities to submit claims against Kroll on or before April 30, 2015 in order to participate in voting and distributions in Kroll's chapter 11 cases and (ii) the discharge of Kroll under its chapter 11 plan.

## DISTRIBUTION PLAN

### 6. What Will The Distribution Plan Provide?

The Receiver will submit a Distribution Plan to the Court for approval. Under the Distribution Plan, the Net Settlement Amount will be apportioned on a pro rata basis based on allowed claim amounts, as recognized by the Receiver through his Court approved claims

process, among Persons who have submitted claims to the Receiver or the Antiguan Liquidators based upon a certificate of deposit, CD, depository account, or investment with Stanford.

### 7. Is The Settlement Contingent On The Distribution Plan?

The Distribution Plan is a matter separate and apart from the Settlement between the Parties, and any decision or matter concerning the Distribution Plan shall not affect the validity or finality of the Agreement or the Settlement.

## HOW YOU GET A PAYMENT

### 8. What Do I Need To Do To Get A Payment?

To receive a payment pursuant to the Settlement, a Claimant must have already either properly filed a proof of claim form with the Receiver in the SEC Action or a proof of debt form with the Antiguan Liquidators that was accepted in the Receiver's claims process.

### 9. When Would I Receive My Payment?

The Court will hold a Hearing on July 8, 2016 to determine, among other things, whether to issue an order approving the Settlement. In addition, it is a condition of the Settlement that the Eastern Caribbean Supreme Court in Antigua and Barbuda enter orders approving the Settlement. There could be appeals from these orders. It is uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps more than a year. Please be patient.

### 10. Will Payments Be In Full And Final Settlement Of Claims?

Yes. All payments pursuant to the Settlement shall be made by check bearing on the front "**SETTLEMENT CHECK**" and on the back "I accept this check **in full and final settlement and release** of all claims against Kroll and the Kroll Released Parties related to Stanford and consent to the jurisdiction of the U.S. District Court for the Northern District of Texas for all purposes related to such claims, expressly waiving any different jurisdiction based on my current or future domicile." Each Claimant shall be bound by the Bar Order and Judgment, including its provisions concerning the release and injunction of claims by Interested Parties, regardless of whether he/she/it receives, deposits, or endorses any check.

## THE LAWYERS REPRESENTING THE PLAINTIFFS

### 11. Do I Have A Lawyer In These Actions?

The Receiver is represented in this matter by the law firm Davis & Santos, Attorneys & Counselors, P.C. The Committee is represented in this matter by the law firm Castillo & Snyder PC. The Antiguan Liquidators are represented in this matter by the law firm Astigarraga Davis. If you wish to be represented by a lawyer, you will need to hire one at your own expense.

**12.  How Will Plaintiffs' Counsel Be Paid?**

Plaintiffs will move the Court to order that Plaintiffs' counsel be awarded from the Settlement Amount attorneys fees in a total amount of no more than US$6 million and reimbursement of expenses in a total amount of no more than US$25,000 (together, "Attorneys Fees").

## OBJECTING

**13.  How Do I Tell the Court That I Do Not Like The Agreement, The Settlement, Or The Bar Order And Judgment?**

Any Person, including any Claimant, any party in any action before this Court concerning Stanford, any Person interested in Stanford, and any other Person that directly or through his, her, or its counsel is served with or otherwise learns of the Settlement or the Court's Scheduling Order, who opposes the Agreement, the Settlement, or the Bar Order and Judgment, or wishes to appear at the Hearing, shall file and serve an objection no later than fifty-six (56) calendar days after the entry of the Court's Scheduling Order (the "Objection Deadline").  The procedures for objecting can be found in the Court's Scheduling Order, available at www.stanfordfinancialreceivership.com.

An objector shall be deemed to have submitted to the jurisdiction of the Court for all purposes related to the objection, the Agreement, the Settlement, and the Bar Order and Judgment.  Potential objectors who do not present opposition shall be deemed to have waived the right to object (including any right to appeal) and to appear at the Hearing and shall be forever barred from raising such objections in the SEC Action or any other action or proceeding.  Persons do not need to take any action to indicate their approval.

## THE HEARING

**14.  When And Where Will The Court Decide Whether To Approve The Settlement And Enter The Bar Order And Judgment?**

A Hearing is scheduled to be held before the Honorable David C. Godbey in the United States District Court for the Northern District of Texas, United States Courthouse, 1100 Commerce Street, Dallas, Texas 75242, in Courtroom 1505, at 10:00 a.m. on July 8, 2016.  The purposes of the Hearing will be:  (i) to determine whether the Agreement including its exhibits, and the Settlement it describes, should be approved by the Court; (ii) to determine whether the Bar Order and Judgment should be entered by the Court; and (iii) to rule upon such other matters as the Court may deem appropriate.

The Court reserves the right to approve the Agreement and the Settlement, and to enter the Bar Order and Judgment, at or after the Hearing, with such modifications as may be consented to by the Parties and without further notice other than that which may be posted by means of ECF in the SEC Action.

The date, time, and place for the Hearing, and the deadlines and date requirements in the Scheduling Order, shall be subject to adjournment or change by the Court without further notice other than that which may be posted by means of ECF in the SEC Action.

### 15. Do I Have To Come To The Hearing?

No. You are welcome to come at your own expense, and you may also pay your own lawyer to attend, but neither is required. If you file and serve an objection, you do not need to come to Court to talk about it.

### 16. May I Speak At The Hearing?

You may ask the Court for permission to speak at the Hearing. To do so, you must file and serve a written objection, in compliance with paragraph 13 above, which states that you, or, if applicable, your attorney, requests the Court's permission to be heard orally at the Hearing.

## IF YOU DO NOTHING

### 17. What Happens If I Do Nothing At All?

If the Court enters the Bar Order and Judgment and it becomes Final, any claims, including your Settled Claims, against Kroll and the Kroll Released Parties will be barred, and the Settlement Amount will be distributed pursuant to the Distribution Plan. (The definition of "Settled Claims" is reproduced at the end of this Long Form Notice.)

## GETTING MORE INFORMATION

### 18. How Can I Obtain More Details About The Settlement?

This Long Form Notice summarizes the proposed Settlement. More details are contained in the Agreement and its exhibits and the Court's Scheduling Order concerning the Settlement. The Agreement and its exhibits, the Court's Scheduling Order, and other documents concerning the Settlement are available at www.stanfordfinancialreceivership.com.

## DEFINITION OF "SETTLED CLAIMS"

For purposes of this Long Form Notice, "Settled Claims" means all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, liabilities, obligations, licenses, rights, claims, losses, offsets, warranties, costs, fees, penalties, expenses, rights of action, and demands whatsoever, whether or not currently asserted, known, suspected, existing, or discoverable, and whether based on federal, state, foreign law, or otherwise, and whether based on contract, tort, statute, law, equity or otherwise, that the releasor ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, or by reason of any matter, cause, or thing whatsoever, that, in full or in part, concerns, relates to, arises out of, or is in connection with, Stanford; any certificate of deposit, CD, depository account, or investment with Stanford; the Kroll Released Parties' relationship with Stanford; the Kroll Released Parties'

provision of services to Stanford; any matter that was asserted in, could have been asserted in, or relates to the SEC Action, *United States v. Stanford et al.*, No. 4:09-cr-00342 (S.D. Tex.), or any action concerning Stanford pending or commenced in any Forum; or any matter that makes a Person a Claimant.  For the sake of clarity, "Settled Claims" includes all Settled Claims which the releasor does not know or suspect to exist in his, her, or its favor at the time of release, which, if known by them might have affected their decisions with respect to the Agreement and the Settlement ("Unknown Claims").  With respect to any and all Settled Claims, the releasor agrees that the releasor shall, and shall be deemed to have, expressly waived, released, and relinquished, any and all provisions, rights, and benefits conferred by any law or principle, in the United States or elsewhere, which governs or limits the release of unknown or unsuspected claims, including, without limitation, California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each releasor acknowledges that he, she, or it may hereafter discover facts different from, or in addition to, those which such releasor now knows or believes to be true with respect to the Settled Claims, but nonetheless agrees that the release of Settled Claims is and will remain binding and effective in all respects. "Unknown Claims" include contingent and non-contingent claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of different or additional facts.  These provisions concerning unknown and unsuspected claims and the inclusion of "Unknown Claims" in the definition of Settled Claims were separately bargained for and were an essential element of the Agreement and the Settlement.  For the avoidance of doubt, Settled Claims include any claims relating to the above matters that are filed in Kroll's chapter 11 cases.

*   *   *

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.

DATED:  April 13, 2016         BY ORDER OF THE COURT
                               UNITED STATES DISTRICT COURT
                               NORTHERN DISTRICT OF TEXAS