# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 3:09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., *et al.*, | § § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action No. 3:09-CV-01736-N |
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT APPOINTED RECEIVER FOR STANFORD INTERNATIONAL BANK, LTD., *et al.*, | § § § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action No. 3:13-CV-2226-N |
| PABLO M. ALVARADO, *et al.* | § § § | |
| Defendants. | § § | |

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, *et al.*, | § § § |

|  |  |
|---|---|
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:15-CV-1997-N |
| § | |
| PAUL D. WINTER, *et al.*, § | |
| § | |
| Defendants. § | |

|  |  |
|---|---|
| CLAUDE F. REYNAUD, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:14-CV-3731-N |
| § | |
| CERTAIN UNDERWRITERS AT LLOYD'S OF § | |
| LONDON, *et al.*, § | |
| § | |
| Defendants. § | |

## SCHEDULING ORDER

Before the Court is the Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Certain Underwriters at Lloyd's of London, Arch Specialty Insurance Company, and Lexington Insurance Company (collectively "Underwriters"), to Enter the Bar Order, to Enter the Final Judgments and Bar Orders, and for Attorneys' Fees (the "Motion") filed by Ralph S. Janvey, in his capacity as court-appointed Receiver for Stanford International Bank, Ltd. et al. (the "Receiver"). Docket No. 2324. The Motion concerns a proposed settlement (the "Agreement") among and between the Receiver, the Official Stanford Investors Committee, and Underwriters. Capitalized terms not otherwise defined in this order shall have the meaning assigned to them in the Agreement.

In the Motion, the Receiver seeks the Court's approval of the terms of the Agreement, including entry of a bar order in the SEC Action (the "Bar Order"), and a final judgment and bar order in *Underwriters v. Janvey*, No. 3:09-cv-1736 (N.D. Tex.) (the "Coverage Action") and the

Third-Party Coverage Actions.[1] After reviewing the terms of the Agreement and considering the arguments presented in the Motion, the Court preliminarily approves the Agreement as adequate, fair, reasonable, and equitable. Accordingly, the Court enters this scheduling order to (i) provide for notice of the terms of the Agreement, including the proposed Bar Order in the SEC Action and the proposed Judgments and Bar Orders in the Coverage Action and the Third-Party Coverage Actions; (ii) set the deadline for filing objections to the Agreement, the Bar Order, the Judgment and Bar Orders, or the request for approval of the Receiver's attorneys' fees; (iii) set the deadline for responding to any objection so filed; and (iv) set the date of the Final Approval Hearing regarding the Agreement, the Bar Order in the SEC Action and the proposed Judgments and Bar Orders in the Coverage Action and the Third-Party Coverage Actions, and the Receiver's request for attorneys' fees, as follows:

1. <u>Preliminary Findings on Potential Approval of the Agreement</u>: Based upon the Court's review of the terms of the Agreement, the arguments presented in the Motion, and the Motion's accompanying appendices and exhibits, the Court preliminarily finds that the settlement and Agreement are fair, reasonable, and equitable; have no obvious deficiencies; and are the product of serious, informed, arm's-length negotiations. The Court, however, reserves a final ruling with respect to the terms of the Agreement until after the Final Approval Hearing referenced below in Paragraph 2.

2. <u>Final Approval Hearing</u>: The Final Approval Hearing will be held before the Honorable David C. Godbey in the United States District Court for the Northern District of Texas, United States Courthouse, 1100 Commerce Street, Dallas, Texas 75242, in Courtroom 1505, at 10:00 a.m. on Friday, October 21, 2016 which is a date at least ninety (90) calendar days

---

[1] The "Third-Party Coverage Actions" are identified in Paragraph 23 and Exhibit J to the Agreement, as amended by the agreement found on pp. 9–16 of Doc. 2325-2.

after entry of this Scheduling Order.  The purposes of the Final Approval Hearing will be to: (i) determine whether the terms of the Agreement should be approved by the Court; (ii) determine whether the Bar Order attached as Exhibit C to the Agreement should be entered by the Court in the SEC Action; (iii) determine whether the Final Judgment and Bar Order attached as Exhibit D to the Agreement should be entered by the Court in the Coverage Action; (iv) determine whether the Final Judgment and Bar Order attached as Exhibit E to the Agreement should be entered by the Court in the Third-Party Coverage Actions; (v) rule upon any objections to the Agreement, Bar Order, or the Judgments and Bar Orders; (vi) rule upon the Receiver's request for approval of attorneys' fees; and (vii) rule upon such other matters as the Court may deem appropriate.

      3.    <u>Notice</u>:  The Court approves the form of Notice attached as Exhibit F to the Agreement and finds that the methodology, distribution, and dissemination of Notice described in the Motion (i) constitute the best practicable notice; (ii) are reasonably calculated, under the circumstances, to apprise all interested Persons of the Agreement, the releases therein, and the injunctions provided for in the Bar Order and the Judgments and Bar Orders; (iii) are reasonably calculated, under the circumstances, to apprise all interested Persons of the right to object to the Agreement, the Bar Order, or the Judgments and Bar Orders, and to appear at the Final Approval Hearing; (iv) constitute due, adequate, and sufficient notice; (v) meet all requirements of applicable law, including the Federal Rules of Civil Procedure, the United States Constitution (including Due Process), and the Rules of the Court; and (vi) will provide to all Persons a full and fair opportunity to be heard on these matters. The Court further approves the form of the publication Notice attached as Exhibit G to the Agreement.  Therefore:

      a.    The Receiver is hereby directed, no later than twenty-one (21) calendar days after entry of this Scheduling Order, to cause the notice in substantially the same form

attached as Exhibit F to the Agreement (the "Notice") to be sent via electronic service to all counsel of record for any Person who is, at the time of Notice, a party in any case included in MDL No. 2099, *In re: Stanford Entities Securities Litigation* (N.D. Tex.) (the "MDL"), the SEC Action, the Indirect Claims, or the Third-Party Coverage Actions. The Receiver is further directed to cause the Notice to be sent via facsimile transmission and/or first class mail to any other counsel of record for any other Person who is, at the time of service, a party in any case included in the foregoing sentence, and via electronic mail, first class mail or international delivery service to all Interested Parties not served via one of the other foregoing methods, except that the Receiver is not required to individually provide notice to any Person who is an Underwriters' Insured but who is not included in any of the following groups: Stanford Investors, Claimants, or parties to one or more of the MDL, the SEC Action, the Indirect Claims, and the Third-Party Coverage Actions (such persons will be deemed to have received notice by one or more of the notice methods described in subparagraphs (b) or (c) of this paragraph).

b. The Receiver is hereby directed, no later than twenty-one (21) calendar days after entry of this Scheduling Order, to cause the notice in substantially the same form attached as Exhibit G to the Agreement to be published once in the national edition of The Wall Street Journal and once in the international edition of The New York Times.

c. The Receiver is hereby directed, no later than twenty-one (21) calendar days after entry of this Scheduling Order, to cause the Agreement, the Motion, this Scheduling Order, the Notice, and all exhibits and appendices attached to these documents, to be posted on the Receiver's website (http://stanfordfinancialreceivership.com). The Examiner is hereby directed, no later than twenty-one (21) calendar days after entry of this Scheduling Order, to cause the Agreement, the Motion, this Scheduling Order, the Notice, and all exhibits and

appendices attached to these documents, to be posted on the Examiner's website (http://lpf-law.com/examiner-stanford-financial-group).

        d.     The Receiver is hereby directed promptly to provide the Agreement, the Motion, this Scheduling Order, the Notice, and all exhibits and appendices attached to these documents, to any Person who requests such documents via email to Molly Hogan, a paralegal at Kuckelman Torline Kirkland & Lewis, LLC, at Stanfordsettlement@ktklattorneys.com, or via telephone by calling Molly Hogan at 913-951-5652. The Receiver may provide such materials in the form and manner that the Receiver deems most appropriate under the circumstances of the request.

        4.     <u>Objections and Appearances at the Final Approval Hearing</u>: Any Person who wishes to object to the terms of the Agreement, the Bar Order, the Judgments and Bar Orders, or the Receiver's request for approval of the Receiver's attorneys' fees, or who wishes to appear at the Final Approval Hearing, must do so by filing an objection, in writing, with the Court in the SEC Action (3:09-CV-0298-N), by ECF or by mailing the objection to the Clerk of the United States District Court for the Northern-District of Texas, 1100 Commerce Street, Dallas, Texas 75242, no later than September 30, 2016. All objections filed with the Court must:

        a.     contain the name, address, telephone number, and (if applicable) an email address of the Person filing the objection;

        b.     contain the name, address, telephone number, and email address of any attorney representing the Person filing the objection;

        c.     be signed by the Person filing the objection, or his or her attorney;

        d.     state, in detail, the basis for any objection;

e. attach any document the Court should consider in ruling on the Agreement, the Bar Order, the Judgments and Bar Orders, or the Receiver's request for approval of the Receiver's attorneys' fees; and

f. if the Person filing the objection wishes to appear at the Final Approval Hearing, make a request to do so.

No Person will be permitted to appear at the Final Approval Hearing without filing a written objection and request to appear at the Final Approval Hearing as set forth in subparts (a) through (f) of this Paragraph. Copies of any objections filed must be served by ECF, or by email or first class mail, upon each of the following:

>Daniel McNeel Lane, Jr.
>Email: nlane@akingump.com
>Manuel Mungia
>Email: mmungia@akingump.com
>Matthew Pepping
>Email: mpepping@akingump.com
>Akin Gump Strauss HAuer & Feld LLP
>300 Convent Street
>Suite 1600
>San Antonio, Texas 78205-3732
>
>and
>
>Michael J. Kuckelman
>Email: mkuckelman@ktklattorneys.com
>Stephen J. Torline
>Email: storline@ktklattorneys.com
>Kathryn A. Lewis
>Email: klewis@ktklattorneys.com
>Kuckelman Torline Kirkland & Lewis LLP
>10740 Nall Avenue
>Suite 250
>Overland Park, Kansas 6611
>(913) 948-8610

and

John J. Little
Little Pedersen Fankhauser LLP
901 Main Street, Suite 4110
Dallas, Texas 75202
214.573.2307
214.573.2323 fax
Email: jlittle@lpf-law.com

and

Ralph Janvey
2100 Ross Ave
Suite 2600
Dallas, TX 75201
E-mail: rjanvey@jkjllp.com

and

Kevin Sadler
Baker Botts
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304-1007
Email: kevin.sadler@bakerbotts.com

Any Person filing an objection shall be deemed to have submitted to the jurisdiction of this Court for all purposes of that objection, the Agreement, the Bar Order, and the Judgments and Bar Orders. Potential objectors who do not present opposition by the time and in the manner set forth above shall be deemed to have waived the right to object (including any right to appeal) and to appear at the Final Approval Hearing and shall be forever barred from raising such objections in this action or any other action or proceeding. Persons do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

5.      <u>Responses to Objections</u>:  Any Party to the Agreement may respond to an objection filed pursuant to Paragraph 4 by filing a response in the SEC Action no later than

October 14, 2016. To the extent any Person filing an objection cannot be served by action of the Court's CM/ECF system, a response must be served to the email and/or mailing address provided by that Person.

6. <u>Adjustments Concerning Hearing and Deadlines</u>: The date, time, and place for the Final Approval Hearing, and the deadlines and date requirements in this Scheduling Order, shall be subject to adjournment or change by this Court without further notice other than that which may be posted by means of ECF in the MDL, the SEC Action, the Coverage Action, the Indirect Claims, and the Third-Party Coverage Actions.

7. <u>Retention of Jurisdiction</u>: The Court shall retain jurisdiction to consider all further applications arising out of or connected with the Agreement.

8. <u>Entry of Injunction</u>: If the Agreement is approved by the Court, the Court will also enter the Bar Order in the SEC Action and the Judgments and Bar Orders in the Coverage Action and the Third-Party Coverage Actions. If entered, each order will permanently enjoin all Persons, including Stanford Investors and Claimants, from pursuing Settled Claims against Underwriters and/or Underwriters' Released Parties.

9. <u>Stay of Proceedings</u>: The Coverage Action and the Third-Party Coverage Actions are hereby stayed except to the extent necessary to give effect to the Agreement. The Receiver's and the Committee's claims against the defendants identified in Exhibit A to the Agreement are hereby stayed; where such defendants are included in cases with defendants not identified in Exhibit A to the Agreement, the stay shall only apply to the claims against the defendants identified in Exhibit A to the Agreement. With respect to the stays, they shall expire on the earlier of the Settlement Effective Date or the date of any termination of the Agreement pursuant to Paragraph 35 of the Agreement.

10. <u>Use of Order</u>: Under no circumstances shall this Scheduling Order be construed, deemed, or used as an admission, concession, or declaration by or against the Receiver, the Committee, or Underwriters of any fault, wrongdoing, breach or liability. Nor shall the Order be construed, deemed, or used as an admission, concession, or declaration by or against the Receiver, the Committee, or Underwriters that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he or she may have. Neither this Scheduling Order, nor the proposed Agreement, or any other settlement document, shall be filed, offered, received in evidence, or otherwise used in these or any other actions or proceedings or in any arbitration, except to give effect to or enforce the Agreement or the terms of this Scheduling Order.

11. <u>Entry of this Order</u>: This Scheduling Order shall, be entered separately on the dockets in the SEC Action, the Indirect Claims, the Third-Party Coverage Actions, and the Coverage Action.

SIGNED July 11, 2016.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE