**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:09-cv-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., et al., | § § § | |
| Defendants. | § § | |
| RALPH S. JANVEY, et al. | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:13-cv-03980-N |
| WILLIS OF COLORADO INC., et al. | § § § | |
| Defendants. | § | |

**NOTICE OF SETTLEMENT AND BAR ORDER PROCEEDINGS**

PLEASE TAKE NOTICE that Ralph S. Janvey, in his capacity as the Court-appointed Receiver for the Stanford Receivership Estate (the "Receiver"), the Official Stanford Investors Committee (the "Committee"), and Samuel Troice, Martha Diaz, Paula Gilly-Flores, Punga Punga Financial, Ltd., Manuel Canabal, Daniel Gomez Ferreiro and Promotora Villa Marino, C.A. (collectively, the "Investor Plaintiffs" and with the Receiver and the Committee, the "Plaintiffs"), have reached an agreement (the "Settlement Agreement") to settle all claims asserted or that could have been asserted against Willis Towers Watson Public Limited Company (f/k/a Willis Group Holdings Limited), Willis Limited, Willis North America, Inc. ("Willis NA"), Willis of Colorado, Inc., Willis of Texas, Inc., and Amy S. Baranoucky (collectively, the "Willis Defendants") by the Plaintiffs in *Janvey v. Willis of Colorado, Inc., et al.*, No. 3:13-CV-03980-N (N.D. Tex.) (the "Janvey Litigation"), and by the Investor Plaintiffs in *Troice v. Willis of Colorado, Inc. et al.*, No. 3:09-CV-1274-L (N.D. Tex.) (the "Troice Litigation").

PLEASE TAKE FURTHER NOTICE that the Plaintiffs have filed in *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex.) (the "SEC Action") an Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Willis, to Approve the Proposed Notice of Settlement with Willis, to Enter the Bar Order, and to Enter the Final Judgment and Bar Orders (the "Scheduling/Approval Motion"), and a Motion for Plaintiffs' Attorneys' Fees (the "Attorneys' Fees Motion," and together with the Scheduling/Approval Motion, the "Motions"). Copies of the Settlement Agreement, the Motions, and other supporting papers may be obtained from the Court's docket in the SEC Action [ECF Nos. 2369, 2370, 2398-2400.], and are also available on the websites of the Receiver

(http://www.stanfordfinancialreceivership.com) and the Examiner (www.lpf-law.com/examiner-stanford-financial-group/). Copies of these documents may also be requested by email, by sending the request to margaret.hagelman@strasburger.com; or by telephone, by calling Margaret Hagelman at 210-250-6001. All capitalized terms not defined in this Notice of Settlement and Bar Order Proceedings are defined in the Settlement Agreement, attached as Exhibit 1 of the Appendix to the Scheduling/Approval Motion.

PLEASE TAKE FURTHER NOTICE that the Scheduling/Approval Motion requests that the Court approve the Settlement and enter bar orders permanently enjoining, among others, Interested Parties,[1] including Stanford Investors,[2] Claimants,[3] and any Person,[4] from pursuing Settled Claims,[5] including claims you may possess and/or may have already asserted against any of the Willis Defendants.

---

[1] "Interested Parties" means the Receiver, the Receivership Estate, the Committee, the members of the Committee, the Plaintiffs, the Stanford Investors, the Claimants, the Examiner, or any Person or Persons alleged by the Receiver, the Committee, or other Person or entity on behalf of the Receivership Estate to be liable to the Receivership Estate, whether or not a formal proceeding has been initiated.

[2] "Stanford Investors" means customers of Stanford International Bank, Ltd., who, as of February 16, 2009, had funds on deposit at Stanford International Bank, Ltd., and/or were holding certificates of deposit issued by Stanford International Bank, Ltd.

[3] "Claimants" refers generally to any Persons who have submitted a Claim to the Receiver or to the Joint Liquidators.

[4] "Person" means any individual, entity, governmental authority, agency or quasi-governmental person or entity, worldwide, of any type, including, without limitation, any individual, partnership, corporation, estate, limited liability company, trust, committee, fiduciary, association, proprietorship, organization or business regardless of location, residence, or nationality.

[5] "Settled Claims" means any action, cause of action, suit, liability, claim, right of action, debt, sums of money, covenants, contracts, controversies, agreements, promises, damages, contribution, indemnity, specific performance, attorneys' fees and demands whatsoever, whether or not currently asserted, known, suspected, existing, or discoverable, and whether based on federal law, state law, foreign law, common law, or otherwise, and whether based on contract, tort, statute, law, equity or otherwise, that a Releasor ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any matter, cause, or thing whatsoever, that, in full or in part, concerns, relates to, arises out of, or is in any manner connected with (i) the Stanford Entities (defined below), (ii) any certificate of deposit, depository account, or investment of any type with any one or more of the Stanford Entities, (iii) any one or more of the Willis Defendants' relationships with any one or more of the Stanford Entities, (iv) the Willis Defendants' provision of services to any of the Stanford Entities, and any other acts, errors or omissions by the Willis Defendants for or related to the Stanford Entities or (v) any matter that was asserted in, could have been asserted in, or relates to the subject matter of the SEC Action, the Troice Litigation, the Janvey Litigation, the Other Willis Litigation, or any proceeding concerning the Stanford Entities pending or commenced in any Forum. "Settled Claims" specifically includes, without limitation, all claims each Releasor does not know or suspect to exist in his, her, or its favor at the time of release, which, if known by that Person, might have affected their decisions with respect to the Settlement Agreement and the Settlement ("Unknown Claims").

Each Releasor expressly waives, releases, and relinquishes any and all provisions, rights, and benefits conferred by any law or principle, in the United States or elsewhere, which governs or limits the release of unknown or unsuspected claims, including, without limitation, California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each Releasor acknowledges that he, she, or it may hereafter discover facts different from, or in addition to, those which such Releasor now knows or believes to be true with respect to the Settled Claims, but nonetheless agrees that the Settlement Agreement, including the releases granted therein, will remain binding and effective in all respects notwithstanding such discovery. Unknown Claims include contingent and non-contingent claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of different or additional facts. These provisions concerning unknown and unsuspected claims and the inclusion of Unknown Claims in the definition of Settled Claims were separately bargained for and are an essential element of the Settlement Agreement and the Settlement.

"Stanford Entities" means Robert Allen Stanford, James M. Davis, Laura Pendergest-Holt, Gilbert Lopez, Mark Kuhrt, Stanford International Bank, Ltd., Stanford Group Company, Stanford Capital Management, LLC, Stanford Financial Group, the Stanford Financial Bldg Inc., the entities listed in Exhibit E to the Settlement Agreement [ECF No. 2370-1 at 124-26], and any

PLEASE TAKE FURTHER NOTICE that the settlement amount is one hundred twenty million U.S. dollars ($120,000,000.00) (the "Settlement Amount"). The Settlement Amount, less any fees and costs awarded by the Court to the attorneys for Plaintiffs and expenses paid by the Receiver (the "Net Settlement Amount"), will be deposited with and distributed by the Receiver pursuant to a Distribution Plan hereafter to be approved by the Court in the SEC Action (see subparagraph (e) below).

**This matter may affect your rights and you may wish to consult an attorney.**

The material terms of the Settlement Agreement are as follows:

a) Willis NA will pay $120 million, which will be deposited with the Receiver as required pursuant to the Settlement Agreement;

b) Plaintiffs will fully release the Willis Defendants and the Willis Released Parties[6] from all Settled Claims;

c) The Settlement Agreement requires entry of a Final Bar Order in the SEC Action and entry of Final Judgment and Bar Orders in the Receiver Litigation and the Other Willis Litigation[7] (to the extent pending before the Court), each of which permanently enjoins, among others, Interested Parties, including all Stanford Investors and Claimants, and any other Person, whether before the Court or not, from bringing or continuing any legal proceeding or asserting, encouraging, assisting, continuing, or prosecuting any cause of action, including contribution or indemnification claims, arising from or relating to a Settled Claim, against any of the Willis Defendants or any of the Willis Released Parties, including, without limitation, in the Troice Litigation, the Janvey Litigation, or the Other Willis Litigation;

d) The Receiver will disseminate notice of the Settlement Agreement (i.e. this Notice) to Interested Parties, through one or more of the following: mail, email, international delivery, CM/ECF notification, facsimile transmission, and/or publication on the Examiner (www.lpf-law.com/examiner-stanford-financial-group/) and Receiver (http://www.stanfordfinancialreceivership.com) websites;

e) The Receiver will develop and submit to the Court for approval a plan for disseminating the Net Settlement Amount (the "Distribution Plan");

f) Under the Distribution Plan, once approved, the Net Settlement Amount will be distributed by the Receiver, under the supervision of the Court, to Stanford Investors who have submitted Claims that have been allowed by the Receiver; and

---

entity of any type that was owned or controlled by Robert Allen Stanford, James M. Davis, Laura Pendergest-Holt, Gilbert Lopez, Mark Kuhrt, Stanford International Bank, Ltd., Stanford Group Company, Stanford Capital Management, LLC, Stanford Financial Group, or the Stanford Financial Bldg Inc., on or before February 16, 2009.

[6] "Willis Released Parties" means the Willis Defendants, and each of their counsel, and each of their respective past, present and future, direct or indirect parents, subsidiaries, affiliates, related entities, divisions, partnerships, corporations, and each of its and their respective directors, officers, legal and equitable owners, shareholders, members, managers, principals, employees, associates, representatives, distributees, agents, attorneys, trustees, general and limited partners, lenders, insurers and reinsurers, executors, administrators, heirs, beneficiaries, assigns, predecessors, predecessors-in-interest, successors, and successors-in-interest. Notwithstanding the foregoing, "Willis Released Parties" does not include any Person, other than the Willis Defendants, against whom, as of March 31, 2016, any of the Plaintiffs was asserting a claim or cause of action in any Forum, and does not include any Person who becomes employed by, related to, or affiliated with the Willis Defendants after March 31, 2016 and whose liability, if any, arises out of or derives from actions or omissions before becoming employed by, related to, or affiliated with the Willis Defendants.

[7] "Other Willis Litigation" refers to the actions identified in Exhibit B to the Settlement Agreement.

    g)    The Troice Litigation will be dismissed with prejudice as to the Willis Defendants, with each party bearing its own costs and attorneys' fees (except as otherwise agreed among the Willis Defendants).

Attorneys for the Committee and the Investor Plaintiffs seek a fee award based upon 25% of the Settlement Amount, pursuant to 25% contingency fee agreements with the Committee and the Investor Plaintiffs. Twenty-five percent of the net recovery from the Settlement is to be calculated but shall not exceed $30,000,000.00.

The final hearing on the Motion is set for January 20, 2017 (the "Final Approval Hearing"). Any objection to the Settlement Agreement or its terms, the Motions, the Final Bar Order, the Final Judgment and Bar Orders, or the request for approval of the Committee's and Investor Plaintiffs' attorneys' fees must be filed, in writing, with the Court in the SEC Action no later than December 30, 2016. Any objections not filed by this date will be deemed waived and will not be considered by the Court. Those wishing to appear and to orally present their written objections at the Final Approval Hearing must include a request to so appear within their written objections.